ATTORNEY FOR PETITIONER:
**ROBERT A. ROMACK**
Franklin, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**EVAN W. BARTEL**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

_____

# IN THE
# INDIANA TAX COURT

**FILED**
Jul 30 2015, 11:21 am
CLERK
of the supreme court,
court of appeals and
tax court

_____

| | |
|---|---|
| AZTEC PARTNERS, LLC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 49T10-1210-SC-00067 |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| STATE REVENUE, | ) |
| | ) |
| Respondent. | ) |

_____

### ORDER ON RESPONDENT'S PETITION FOR REHEARING

---

**FOR PUBLICATION**
**July 30, 2015**

WENTWORTH, J.

On June 23, 2015, this Court issued an opinion in the above-captioned case holding that the electricity that Aztec Partners, LLC used to power certain electrical equipment was exempt from Indiana sales tax because it qualified for the consumption exemption under Indiana Code § 6-2.5-5-5.1. See Aztec Partners, LLC v. Indiana Dep't of State Revenue, No. 49T10-1210-SC-00067, 2015 WL 3875259, at *2-6 (Ind. Tax Ct. June 23, 2015). The Indiana Department of State Revenue has filed a Petition for Rehearing pursuant to Rule 63(B) of Indiana's Rules of Appellate Procedure. The

Department's Petition presents two issues that the Court restates as: 1) whether Aztec deprived the Court of subject matter jurisdiction by filing ambiguous refund claims; and, if not, 2) whether the Court erred in finding that Aztec's evidentiary presentation satisfied the essential and integral requirement of the consumption exemption. The Court, having reviewed the Department's Petition and Aztec's response thereto, grants the Department's Petition for the limited purpose of clarifying its decision regarding subject matter jurisdiction.

In its Petition, the Department claims that while it argued that Aztec failed to file a proper refund claim in both its written brief and at trial, the Court did not address the issue at all in Aztec Partners. (Resp't Pet. Reh'g at 6.) Furthermore, the Department claims that the Court erred in determining that it had subject subject matter jurisdiction over Aztec's refund claims stating that:

> Aztec attempted to file several refund claims[, but] did not . . . explain the basis for its refund claims. It claimed an "exclusion" from tax, but did not specify which exclusion. Further, it provided no citations or analysis to explain its claim. To the extent that it did, the legal analysis in the refund claim was ambiguous. There was nothing in the claim to assist the administrative body in rendering a final determination. Accordingly, Aztec never filed a proper refund claim and failed to invoke this Court's jurisdiction.

(Resp't Pet. Reh'g at 6 (citations omitted).)

In filing its refund claims, Indiana Code § 6-8.1-9-1 required Aztec to "set forth the amount of the refund to which [it] is entitled and the reasons that [it] is entitled to the refund." See IND. CODE § 6-8.1-9-1(a) (2011) (amended 2012). Aztec filed all twelve of its refund claims on the Department's prescribed form, the GA-110L. (See Resp't Des'g Evid., Exs. B-M.) Aztec described the basis for its refund claims in each GA-110L in one of two ways, varying only the percentage of exclusion to which it believed it was

2

entitled:

> Taxpayer uses electricity and natural gas to produce various food items for sale. Based on prior determinations by the Department, Taxpayer qualifies for 36% exclusion for electricity. PDF copies of vendor invoices will be provided upon request.
>
> Taxpayer uses electricity and natural gas to produce various food items for sale. Based on the attached engineering survey, Taxpayer qualifies for 45% exclusion for electricity. PDF copies of vendor invoices will be provided upon request.

(See Resp't Des'g Evid., Exs. B-M.) The Department, in turn, reviewed Aztec's refund claims and ultimately approved them in part and denied them in part. (See Resp't Des'g Evid., Exs. B-M.) In so doing, the Department explained that it had denied Aztec's refund claims in part either because the Department's records indicated that it previously granted Aztec an exemption for a lower percentage or because non-exempt equipment had been removed from the engineering/utility study that Aztec sent with its refund claims. (See Resp't Des'g Evid., Exs. B-M.)

Given that the Department was able to determine 1) the basis of Aztec's refund claims, 2) the amount of refund to which it believed Aztec was entitled, and 3) the relationship to refund claims previously granted to Aztec, the Court declines to find that Aztec's refund claims were ambiguous. Moreover, to the extent the Department claims that Aztec's refund claims were based on an exclusion alone (i.e., the predominate use exclusion), the Department's position completely disregards the relationship that this exclusion has to the consumption exemption: a taxpayer's qualification for the former depends on its qualification for the latter. See generally 45 IND. ADMIN. CODE 2.2-4-13(b) (2010) (see http://www.in.gov/legislative/iac/) (providing that for purposes of the predominate use exclusion, "[e]lectrical energy . . . will only be considered directly used

3

in direct production [or] manufacturing . . . if the utilities would be exempt under IC 6-2.5-5-5.1"). Thus, Aztec's refund claims for the exclusion necessarily involved a claim for the consumption exemption. (See Trial Tr. at 32-33 (where the Department acknowledges that the exclusion and exemption are integrally tied together).) Finally, and as the Court has already explained in Aztec Partners:

> whether Aztec sought a refund based on the consumption exemption at the administrative level does not implicate the Court's subject matter jurisdiction. Indeed, subject matter jurisdiction does not depend upon the sufficiency or correctness of the averments in a complaint, the stating of a good cause of action, the validity of a party's demand, or a party's right to relief.

Aztec Partners, 2015 WL 3875259, at *2 (internal brackets and citations omitted) (emphasis added). The Court, therefore, stands by its decision in Aztec Partners in its entirety.

SO ORDERED this 30th day of July 2015.

_____
Martha Blood Wentworth
Judge, Indiana Tax Court

Distribution:
Robert A. Romack, Evan W Bartel

4